IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH TAGGART,<br><br>        *Plaintiff*,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>        *Defendants*. | CIVIL ACTION<br>NO. 17-3210 |

**PAPPERT, J.**                                                                                                                                 April 23, 2018

## MEMORANDUM

Kenneth Taggart seeks a writ of mandamus to compel the United States Department of Justice ("DOJ"), Office of the Comptroller of Currency ("OCC"), the Department of the Treasury, the Office of the Inspector General of the Department of the Treasury ("Treasury OIG"), the Department of Housing and Urban Development ("HUD"), and the Office of the Inspector General of the Department of Housing and Urban Development ("HUD OIG") to investigate and prosecute fraud allegedly committed by Wells Fargo Bank N.A. (Am. Pet. for Writ of Mandamus, ECF No. 4.) This is one of six lawsuits Taggart has filed relating to a pending foreclosure action against him in the Montgomery County Court of Common Pleas. (Statement of Facts ("SOF") ¶ 1, Am. Pet. for Writ of Mandamus.)[1] Including the imminent dismissal of this case, Taggart is zero for five with the sixth case still pending. Here, the Defendants

---

[1]     *See Taggart v. Montgomery Cty Court of Common Pleas*, No. 18-01409 (E.D. Pa. Mar. 25, 2018); *Taggart v. United States of America*, No. 15-mc-00255, (E.D. Pa. May 9, 2017); *Taggart v. United States Dep't of Justice*, No. 16-04040 (E.D. Pa. July 27, 2016); *Taggart v. Wells Fargo Bank, N.A.*, No. 16-00063 (E.D. Pa. Jan. 7, 2016); *Taggart v. Wells Fargo Bank, N.A.*, No. 12-03177 (E.D. Pa. June 4, 2012); *Taggart v. Wells Fargo Home Mortgage, Inc.*, No. 10-00843 (E.D. Pa. Mar. 1, 2010).

1

filed a Motion to Dismiss (Mot., ECF No. 7) pursuant to Rule 12(b)(1) arguing that Taggart lacks standing and the Court lacks subject matter jurisdiction and also pursuant to Rule 12(b)(6) contending that Taggart's Amended Petition fails to state a claim. Taggart responded to the Motion (Pl's Resp. in Opp., ECF Nos. 11, 12), which the Court now grants because the Defendants are immune from suit and the Court lacks subject matter jurisdiction over Taggart's claim.[2]

I

On April 1, 2010, Wells Fargo initiated its foreclosure action against Taggart in the Montgomery County Court of Common Pleas. (SOF ¶ 1, Am. Pet. for Writ of Mandamus.) Wells Fargo claimed it was a successor in interest to a mortgage and note created by an entity known as American Partners Bank N.A. (*Id.*) Taggart asserts that the mortgage "was purported to have been created" on December 16, 2008 (*id.* ¶ 7) but American Partners Bank N.A. did not exist on that date (*id.* ¶ 6). To come to this conclusion, Taggart traced the history of American Partners Bank.

According to Taggart, Federal City Bancorp., Inc. purchased Assurance Partners Bank in April 2005 and changed its name to American Partners Bank. (*Id.* ¶ 22.) On January 16, 2008, Affinity Financial Corp., Inc. purchased American Partners Bank and on January 21, 2008 changed its name to Waterfield Bank. (*Id.* ¶¶ 23, 24.) Taggart contends that once this name change took place, American Partners Bank ceased to exist (*id.* ¶ 33) and thus could not be the entity that created the mortgage and

---

[2] Taggart's Response in Opposition to Defendants' Motion to Dismiss was due on November 23, 2017. On November 22, 2017 at 5:15 p.m., counsel requested an extension of time to file it which the Court denied. (ECF Nos. 9, 27.) Counsel timely filed his 6 page opposition the next day. (ECF No. 11.) Without permission from the Court, counsel "supplemented" his response by filing a memorandum of law on December 11. (ECF No. 12.) The untimely filing is as meritless as the rest of Taggart's efforts.

note at issue in the pending foreclosure action.  Taggart asserts that the six government defendants "failed to take action upon knowledge" of this fraud.  (*Id.* ¶ 31.)

Taggart emailed Richard Delmar, Counsel to the Inspector General of the Treasury OIG, on June 5, 2017 claiming that his mortgage and note were fraudulent.  He did not receive a response.  (*Id.* ¶¶ 5–8.)  In conflict with his claim that the Defendants failed to take any action, Taggart also alleges that DOJ and the HUD OIG investigated the mortgage and note in question.  (*Id.* ¶ 3.)  The other defendants also "knew of the bank fraud for many years and simply ignored it." (*Id.* ¶ 41.)[3]  Taggart asks the Court to "command all government agencies to enforce all laws applicable (sic) regulate and enforce mortgages, notes and financial instruments, and take any action related to fraud, and fraud on the Court committed by Wells Fargo…and all parties who are proffering, or holding 'American Partners Bank' documents created after January 21, 2008 to be valid." (*Id.* ¶ 51.)  Taggart also states that the government agencies' failure to investigate will result in his filing a complaint with the United States Congress which, along with his Complaint in this case, will be immediately provided to "all public news outlets and news magazines." (*Id.* ¶ 64.)

II

A party's Rule 12(b)(1) motion "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) *modified, Simon v. United States*, 341 F.3d 193 (3d Cir.

---

[3]  Taggart cites to Exhibits A–L which are attached to his Amended Petition for Writ of Mandamus.  These documents do not show that the government entities knew about the alleged bank fraud.  Instead, the documents include the complaint in the underlying foreclosure action, the mortgage and note, the assignment of the mortgage, an audit report of Waterfield Bank, a letter from the Treasury OIG certifying the audit report, Taggart's email to the Treasury OIG complaining about fraud, OCC and FDIC's certifications of name change for American Partners Bank, FDIC financial reports and the Federal Reserve public record of name change form.

3

2003) (referencing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). When, as here, presented with a facial attack, the Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id*. The plaintiff bears the burden of showing that the action is properly in federal court. *Samuel-Basset v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

### III

A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) if the party is immune from suit. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States or its agencies can only be sued if they consent. *Id.* (citing *United States v. Mitchell,* 463 U.S. 206, 212 (1983)). A plaintiff bears the "burden of persuasion to convince the court it has jurisdiction." *Gould Elecs. Inc.,* 220 F.3d at 178. Taggart contends that jurisdiction is proper under the Mandamus Act, the Administrative Procedure Act ("APA"), and the "federal question statute." (SOF ¶¶ 59, 60, Am. Pet. for Writ of Mandamus.)

### A

#### i

The Mandamus Act provides district courts with original jurisdiction over an action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C § 1361. Courts may only grant a petition for a writ of mandamus as an "extraordinary remedy" if a plaintiff "has exhausted all other avenues of relief and only if the defendant owes him a clear

nondiscretionary duty." *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988); *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The plaintiff bears the burden of showing that he has no other means of relief and that there is a clear and indisputable right to the writ he seeks. *See In re Nwanze,* 242 F.3d 521, 524 (3d Cir. 2001). Even if the plaintiff meets this burden, courts have discretion to grant or deny the writ. *Id.*

Taggart seeks a writ compelling government agencies to investigate and prosecute Wells Fargo for "bank fraud." Although Taggart has the burden of proving that the Court has subject matter jurisdiction over the claim, he fails to show that any defendants have a non-discretionary duty to investigate Wells Fargo. Taggart contends that the DOJ "has an obligation to take action against banks who are flagrantly committing bank fraud." (SOF ¶¶ 42, 45, 46, Am. Pet. for Writ of Mandamus.) The DOJ has discretion to investigate and prosecute cases. *Morrow v. Meehan*, 258 F. App'x 492, 494 (3d Cir. 2007); *Mashak v. Minnesota*, No.11-473, 2012 WL 928225, at *25 (D. Minn. Jan. 25, 2012), *report and recommendation adopted*, No.11-473, 2012 WL 928251 (D. Minn. Mar. 19, 2012) (collecting cases).

Taggart also asserts that the OCC has a duty to investigate unlawful banking activity. (Pl's Resp. in Opp. ¶¶ 5, 10.) He explains that the OCC "has the power and authority" to regulate banks and relies on the mission statement from the OCC's strategic plan which states that its mission is to ensure that banks operate "in a safe and sound manner" and comply with applicable laws and regulations. (SOF ¶¶ 35–37, Am. Pet. for Writ of Mandamus.) The OCC's power to investigate is a discretionary function. *Clark v. Wells Fargo Bank*, 585 F. App'x 817, 820 (3d Cir. 2014) (citing *Pooler v. United States*, 787 F.2d 868, 871–72 (3d Cir. 1986)). Like DOJ and OCC, HUD and

the HUD OIG have discretion to investigate the actions of Wells Fargo. *Rodriguez v. Bank of Am., N.A,* No. 16-8197, 2017 WL 3086369, at *5 (D.N.J. July 20, 2017). Similarly, both the United States Department of the Treasury and Treasury OIG's investigatory functions are discretionary. *Clark*, 585 F. App'x at 820.

ii

The APA provides that any person "adversely affected or aggrieved by agency action," including the failure to act, is entitled to judicial review. 5 U.S.C. §§ 701-706; *Heckler v. Chaney*, 470 U.S. 821, 828 (1985). Before courts can review an agency's action or inaction, the party seeking review "must first clear the hurdle of § 701(a)." *Heckler,* 470 U.S. at 828. Section 701(a) prohibits courts from reviewing actions that are "committed to agency discretion." 5 U.S.C. § 701(a). Taggart fails to address this portion of the statute and the government agencies have discretion to investigate the conduct of which Taggart complains. *See supra* Section III(A). The APA accordingly does not provide the Court with subject matter jurisdiction.

iii

Finally, Taggart contends that the Court "shall accept jurisdiction under 28 U.S.C. § 1331." That statute permits federal courts to hear "civil actions arising under" federal law. Taggart contends only that his claims arise under the Mandamus Act and APA. As explained *supra* Section III(A)–(B), those laws do not provide jurisdiction over claims asserted against federal agencies for failing to exercise discretionary functions.

B

Courts may dismiss a complaint without leave to amend "on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir.

6

2004). "Futility" means that the amended complaint would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Taggart's claim is prohibited by sovereign immunity and therefore, the Court lacks jurisdiction to hear his case. Further, the Defendants filed a motion to dismiss Taggart's first petition (ECF No. 3) and argued that Taggart's claim should be dismissed for lack of jurisdiction. Taggart amended his Petition but again failed to provide any basis for the Court to conclude that the Defendants' responsibility to investigate is *required,* rather than discretionary, thus providing the Court with jurisdiction. In response to the Defendants' second Motion to Dismiss, Taggart still failed to meet his burden of showing that the action is properly in federal court.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.